IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,266-01






EX PARTE ROY FRANKLIN SMITH, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-97-050 IN THE 4TH DISTRICT COURT


FROM RUSK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to thirty years' imprisonment. The Twelfth Court of Appeals affirmed his
conviction. Smith v. State, No. 12-98-00120-CR (Tex. App.-Tyler, delivered May 26, 1999). 

 Applicant contends that he is actually innocent of the crime for which he was convicted. 
Specifically, he claims an unsworn, notarized statement submitted by Patrick Garrett, an alleged co-defendant, which recants his testimony at trial implicating Applicant in the present case, is newly
discovered evidence which unquestionably establishes Applicant's innocence such that no reasonable
juror could have found him guilty in light of the new evidence. Ex parte Tuley, 109 S.W.3d 388
(Tex. Crim. App. 2002). 

 Applicant has alleged facts that, if true, might entitle to relief. Id. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that he is actually innocent based on newly discovered evidence consistent with this Court's
holding in Ex parte Tuley, 109 S.W.3d 388 (Tex. Crim. App. 2002). Specifically, the trial court
shall make findings of fact and conclusions of law as to the authenticity and veracity of the unsworn,
notarized statement submitted by Patrick Garrett. In addition, the trial court shall make findings of
fact and conclusions of law as to the location of the Reporter's Record and the District Attorney's
file in this case. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 17, 2010

Do not publish